IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                    ORDER

                    Plaintiff,
                                                            08-cv-443-bbc
                                                            06-cr-60-bbc

            v.

CHRISTOPHER WILSON,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Defendant Christopher Wilson has filed a motion for postconviction relief under 28

U.S.C. § 2255, contending that he was denied the effective assistance of counsel when he

was re-sentenced under 18 U.S.C. § 3582.  The motion must be denied.

        Defendant's only allegation of ineffectiveness on the part of his court-appointed

attorney is that the lawyer did not argue for an additional reduction in his sentence to take

into account the Supreme Court's decision in <u>Kimbrough v. United States</u>, 128 S. Ct. 558

(2007).  Defendant argues that <u>Kimbrough</u> governs his resentencing and permits the court

to take into consideration factors other than the amendment to the guidelines.  Therefore,

he argues, his lawyer should have argued those factors to the court.

1

Dockets.Justia.com

It was not constitutionally ineffective assistance for defendant's counsel to refrain from arguing for a wholesale review of his sentence when he moved on defendant's behalf for a two-level reduction under U.S.S.G. Amendment 706 and 18 U.S.C. § 3582((c)(2). As the Court of Appeals for the Seventh Circuit has said repeatedly, a sentencing judge has very limited authority to modify a sentence once it has been imposed. E.g., United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006). Section 3582 (c)(2) allows a court to reduce a previously-imposed term of imprisonment only if that sentence was based upon a sentencing guideline that has since been amended, in this case the guidelines for certain offenses involving crack cocaine. No federal appellate court has yet held that a sentencing court addressing a § 3582(c)(2) motion for a reduction of sentence is free to revisit the original sentence of the movant if that sentence became final before Kimbrough was decided.

Even if I were free to consider the effect of Kimbrough on defendant's sentence, I would not have changed my mind about the proper sentence to give defendant, as should be clear from the fact that I did not reduce his sentence to the bottom of the new guideline range. As I noted at sentencing, defendant played an important role in the distribution of crack cocaine in the Beloit, Wisconsin area. He continued to distribute drugs while he was on probation supervision for a drug-related offense and he sold drugs four days after he was arrested for a drug-related offense. The sentence imposed on defendant was necessary to protect the community, achieve parity with the sentences of similarly situated offenders and

2

give defendant an opportunity to participate in rehabilitative programs.

ORDER

IT IS ORDERED that defendant Christopher Wilson's motion for postconviction

relief under 28 U.S.C. § 2255 in connection with his re-sentencing is DENIED.

Entered this 13th day of August, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge