IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

       v.

CHRISTOPHER WILSON,

           Defendant.

ORDER

08-cv-443-bbc
06-cr-60-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant Christopher Wilson has filed a notice of appeal from the court's August 13, 2008 order and judgment denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255. Although defendant has not asked this court to issue a certificate of appealability, such a certificate is required if he is to take an appeal from the denial of his § 2255 motion, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, it is necessary to decide whether a certificate of appealability should issue. In addition, defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal in forma pauperis.

    According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-

1

appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability. In the order denying defendant's § 2255 motion, I ruled that

2

for two reasons, defendant's counsel could not be found to have been ineffective when he failed to mount a wholesale challenge to defendant's sentence at the time he sought a two-level reduction in defendant's sentence under U.S.S.G. 706 and 18 U.S.C. § 3582(c)(2). First, I explained that there is no legal precedent on which counsel could have relied in arguing that at the time I addressed defendant's motion for reduction of sentence under § 3582(c)(2), I possessed authority to revisit every aspect of defendant's original sentence. Second, I explained that even if counsel had advanced such an argument, I would not have changed the sentence I gave to defendant because of the important role he played in distributing crack cocaine in the Beloit, Wisconsin area and his clear disregard for the law shown by his persistent drug dealing. Because reasonable jurists would not disagree about this conclusion. I must deny defendant's request for a certificate of appealability.

ORDER

IT IS ORDERED that defendant Christopher Wilson's request for leave to proceed

in forma pauperis on appeal is GRANTED; his request for a certificate of appealability is DENIED.

Entered this 17th day of November, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

4